IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                  **No. CR 03-1451 BB**

**KURT DONALD COUSINS and
BUKOLA TOLASE-COUSINS,**

    **Defendants.**

## MEMORANDUM OPINION
## AND
## ORDER DENYING REHEARING

**THIS MATTER** is before the Court on Defendants' *Motion to Reconsider Order Denying Motion to Suppress* [#132]. The Court having read the briefs of counsel and being otherwise duly advised, finds the motion unpersuasive and it will be Denied.

### *DISCUSSION*

Although the FEDERAL RULES OF CRIMINAL PROCEDURE do not specifically include any provisions for a motion to reconsider, the Tenth Circuit has recognized such a motion under the common law doctrine and considerations of judicial economy set forth in *United States v. Healey*, 376 U.S. 75 (1964). *See, e.g.*, *United States v. Corey*, 999 F.2d 493, 495 (10th Cir. 1993); *United States v. Anderson*, 85 F. Supp. 2d 1084, 1109-10 (D. Kan. 1999). Courts have evaluated motions to reconsider in criminal cases under the same standards governing a motion to alter or amend judgment under FEDERAL

RULE OF CIVIL PROCEDURE 59(e). *See, e.g., United States v. Thompson*, 125 F. Supp. 2d 1297, 1300 (D. Kan. 2000). Accordingly, the Court may grant a motion for reconsideration on any one of three grounds: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice. *See United States v. Prince*, 167 F. Supp. 2d 1296, 1300 (D. Kan. 2001). A motion for reconsideration is not, however, a second chance for the losing party to advance new theories or to dress up arguments that previously failed. *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). While Defendants now argue for a judicial view of the premises, this argument ignores the fundamental fact the marijuana was initially visible to a utility employee conducting legitimate business on a utility easement.

Defendants argue "if the Court were to travel to this home site and view the area in question that the Court would reach a different conclusion." (Mot. Recon. at 2). This is apparently premised upon the assumption that "the sideyard is not an area where uninvited visitors would be expected to go." *Id*. This argument is belied by the fact that the utility meter was located in this sideyard and the PNM meter readers routinely followed the sidewalk off the driveway to the meter without any interference from Defendants. After Defendants' dispute with PNM over their bill, PNM shut off their service and eventually removed the meter from this sideyard. While a driveway may be

posted and protected sufficiently to become part of a home's cartilage, *United States v. Depew*, 210 F.3d 1061 (9th Cir. 2000); *State v. Brinks*, 1997 WL 469864 (Wash. App. 1997), that is not the situation here.  Defendants were aware PNM employees regularly used this area and it was a PNM employee who saw the marijuana growing and reported it to the police.  *See Perez v. Autoridad de Energia Electrica*, 741 F. Supp. 23 (D.P.R. 1990) (homeowner has no expectation of privacy in utility pole or meter); *State v. Petruzzelli*, 374 So. 2d 13 (Fla. 1979) (same).  It follows the police did not invade Defendants' legitimate expectation of privacy when they stood at the meter and observed and smelled the same marijuana reported by the PNM employee.  *United States v. Hatfield*, 333 F.3d 1189 (10th Cir. 2003); *United States v. Knapp*, 1 F.3d 1026 (10th Cir. 1993); *United States v. Morehead*, 959 F.2d 149 (10th Cir. 1992).

Finally, Defendants argue I failed to specifically enumerate each of the four factors set out in *United States v. Dunn*, 480 U.S. 294 (1987).  The facts discussed in my original opinion recognize (1) the sidewalk is close enough to the house to be considered curtilage; (2) the walkway to the meter is not enclosed or posted; (3) merely growing melons and vegetables in a visible area does not evidence an expectation of privacy, *see Florida v. Riley*, 488 U.S. 445, 449-50 (1989); and (4) no steps were taken by Defendants to limit access to this walkway even when they were clearly aware utility employees frequented this area.  These are the *Dunn* factors.

**O R D E R**

**For the above stated reasons, Defendants'** *Motion to Reconsider* **is DENIED.**

**DATED this 29th day of March, 2004.**

                                                                      *Bruce D. Black*
                                                                      **BRUCE D. BLACK**
                                                                      **United States District Judge**